ROBERT SMITH, plaintiff in error, v. JOHN T. LUSK, who sues for the use of Township, &c., defendant in error.

*Error to Madison.*

A mistake or error of the Court in assessing the plaintiff's damages, cannot be corrected upon writ of error, unless an exception to the assessment is made, and a bill of exceptions taken at the time the judgment is rendered, or the assessment made.

N. D. STRONG and J. HALL, for the plaintiff in error, cited 1 Scam. 582; 2 Scam. 57; Graham's Pract. 656; Gale's Stat. 48.

J. GILLESPIE, for the defendant in error, cited 1 Scam. 165, 169, 252, 296; 2 Scam. 205.

TREAT, Justice, delivered the opinion of the Court: (1)

This was an action of *debt*, brought by Lusk against Smith. The declaration counts on a sealed note, made by Smith to Lusk, as school commissioner, dated the 23d of March, 1836, and payable one year from date, for the sum of $3,900, with all interest that may become due thereon. Plea, *non est factum*, and issue thereon. At the February term, 1840, the issue was tried by the Court, and judgment rendered for the plaintiff, for $3,900 debt, and $1,611 damages.

Smith brings the record to this Court, and assigns for error:

*First.* The Court erred in computing interest on the note, at the rate of twenty per cent;

*Second.* In allowing a rate of interest greater than six per cent;

*Third.* In allowing an amount of damages not authorized by the declaration.

To this assignment of errors the defendant in error has demurred, and the question arises, are the errors properly assigned. This question has been fully settled by this Court, in the case of Sims v. Hugsby. (2)

In that case the error assigned was, that the Circuit Court had erred, in rendering judgment for more than the plaintiff was entitled to recover, the clerk, in assessing the damages, having omitted to notice a credit on the note declared on. The Court there decided, that the note with the endorsement, although inserted by the clerk, formed no part of the record, and without its appearing in the record, the error complained of could not be assigned.

In this case, the plaintiff in error, in order to assign the errors in question, should have preserved the evidence in the record. He could have done this, by craving oyer of the note, or by excepting

(1) LOCKWOOD, Justice, did not sit in this case, and gave no opinion.
(2) Breese's App. 27.

to the decision of the Court, in rendering judgment against him, and incorporated the note in a bill of exceptions. In such case, this Court could enquire into the propriety of the decision below, and ascertain whether a larger judgment had been rendered than the evidence warranted. As it is, the evidence is not before us, and the record shows no cause for reversing the judgment.

The demurrer is therefore sustained with costs.

*Judgment affirmed.*